UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLES WALKER, | |
| Petitioner, | REPORT AND RECOMMENDATION |
| - against - | 06 CV 4570 (PKC) (RLE) |
| KENNETH S. PERLMAN, Superintendent, | |
| Respondent. | |

**To the HONORABLE P. KEVIN CASTEL, U.S.D.J.:**

## I. INTRODUCTION

Petitioner, Charles Walker ("Walker"), a New York state prisoner at Mid-State Correctional Facility, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 which was received in this District on November 6, 2006. Walker was convicted of three counts of robbery in the second degree (New York Penal Law ("N.Y.P.L.") § 160.10), and sentenced to a determinate term of nine years.

Walker contends that his sentence of five years post-release supervision ("PRS") violates the United States Constitution in that: 1) it was administratively added to his sentence without notice to him or an opportunity to be heard in violation of his Fourteenth Amendment right to due process of law, and 2) he was not provided effective assistance of counsel during sentencing in violation of his Sixth Amendment right to counsel. For the reasons set forth below, I recommend that the petition for habeas corpus be **GRANTED** on the Fourteenth Amendment due process ground, and **DENIED** on the Sixth Amendment ineffective assistance of counsel ground.

## II. BACKGROUND

**A.     Factual Background**

At approximately 4:35 a.m., on August 7, 2000, Walker and co-defendant Julius Matos ("Matos") robbed a man at gunpoint on the southeast corner of 39th Street and Fifth Avenue in Manhattan.  Memorandum in Support of Answer Opposing Petition for a Writ of Habeas Corpus ("Resp. Supp. Mem."), Exh. C, at 1.  Walker and Matos were leaving a night club when they spotted the victim wearing an expensive gold necklace.  **Id.** at 12.  Walker retrieved a loaded .380 caliber semi-automatic pistol from the trunk of Matos's car and approached the victim.  **Id.** at 3-5, 9, 12.  He pointed the gun at the victim and demanded the gold chain.  **Id.**

Walker and Matos fled the scene in Matos's vehicle, while the victim informed police of the crime.  **Id.** at 2.  In response, police pursued Matos's vehicle.  **Id.** at 12.  During the pursuit, Walker threw the gun out the window.  **Id.**  When Matos crashed the vehicle, Walker jumped out the rear driver's side window and fled on foot.  **Id.**  At about 4:40 a.m., police apprehended him on 37th Street and Madison Avenue.  **Id.**

Walker was charged with two counts each of robbery in the first degree (N.Y. P.L. § 160.15(2), (4)) and criminal use of a firearm in first degree (N.Y. P.L. § 265.09(1)(a), (1)(b)), and one count each of robbery in the second degree (N.Y. P.L. § 160.10(1)) and criminal possession of a weapon in the second and third degrees (N.Y. P.L. §§ 265.03(2), 265.02(4)).  **Id.** at 2-3.

On October 11, 2000, Walker pled guilty as a predicate felony offender to three counts of robbery in the second degree (N.Y. P. L. § 160.10), a class C violent felony.  Amended Petition for a Writ of Habeas Corpus ("Amend. Pet."), Exhs. B, C.  As part of the plea bargain, Walker was promised a sentence of nine years, and waived his right to appeal.  **Id.**, Exh. C.  At no time

during the plea bargaining process or grand jury proceeding did the court, the prosecution, or Walker's defense attorney discuss or announce the five-year term of post-release supervision. **Id**.

On October 24, 2000, in accordance with the plea bargain, Walker was sentenced as a predicate felony offender before Justice Berkman to a determinate sentence of nine years.  **Id.** at 9, 11.  On that day, the supreme court issued a sentence and commitment order for nine years determinate.  This order did not indicate Walker's status as a "second felony offender" or the five-year period of post-release supervision.  **Id.**, Exh. B.

Walker was incarcerated at the Mid-State Correctional Facility.  On November 15, 2000, the New York State Department of Correctional Services ("DOCS") provided him with a "Date Computation/Entry" print out, indicating his sentence, and including five years post-release supervision in the computation.  **Id.**, Exh. C.  In 2002, Walker realized the significance of this information, and began seeking remedy.  **Id.** at 1.  Walker contends that the post-release supervision period was imposed administratively by the clerk at Mid-State Correctional Facility rather than by the sentencing court, and that, without notice and opportunity to be heard, this sentence violated his Sixth and Fourteenth Amendment rights.  **Id.**

**B.     Procedural Background**

On July 30, 2002, Walker filed a *pro se* motion pursuant to New York Criminal Procedure Law § 440.10, challenging his conviction on the ground that his plea was not knowing, intelligent, nor voluntary because he had not been informed that as a direct consequence of his plea, a five-year period of post-release supervision would be imposed as a matter of law under New York Penal Law § 70.45(1).  **Id.** at 1-2.  This motion was denied on

3

December 18, 2002.  **Id.** at 2.  On March 23, 2006, the Appellate Division denied Walker's request for leave to appeal.  Memorandum in Opposition of Petition for a Writ of Habeas Corpus ("Resp. Mem."), at 4.

On January 18, 2005, Walker filed a *pro se* Article 78 suit in the supreme court, Albany County, to challenge the calculation of his sentence.  *See* Amend. Pet., at 3, ¶ 10.  While the Article 78 proceeding was pending, the trial court amended the sentence and commitment order.  Amend. Pet., at 3, ¶ 11.  This order, dated March 18, 2005, differs from the original order dated October 24, 2000, in that it indicates that Walker was sentenced "as a second felony offender."  **Id.**, Exh. A, B.  The sentences were therefore required to run consecutively.  **Id.** at 1 (*citing generally* N.Y. P.L. § 70.25 (McKinney 2004)).  The 2005 commitment order, however, does not indicate the five-year post-release supervision period.  **Id.**, Exh. A, B.

The Article 78 proceeding was dismissed on July 5, 2005, for failure to exhaust administrative remedies and for failure to state a cause of action.  **Id.** at 3.  Walker then filed a grievance with DOCS requesting the removal of the post-release supervision period on the ground that it was added by a DOCS clerk without notice to him or opportunity to be heard, in violation of his Fourteenth Amendment right to due process of law.  **Id.**, Exh. E.  DOCS denied this grievance on September 23, 2005, stating that "the grievant is a second felony offender and his crime is deemed to include a post-release sentence by operation of Penal Law § 70.45 (2). Although this is not written in his commitment, it has to be part of his sentence."  **Id.**

On September 26, 2005, Walker filed a *pro se* motion challenging his sentence pursuant to New York Criminal Procedure Law § 440.20.  **Id.**, Exh C.  He alleged that his sentence was invalid because he had not been informed at the plea or sentencing hearings that his sentence

4

carried a five-year term of post-release supervision.  **Id.** at ¶¶ 5, 7; Resp. Supp. Mem., Exh. M. He further alleged that his attorney did not inform him of the five years post-release supervision, and therefore failed to provide effective assistance of counsel.  **See** Amend. Pet., Exh. C at ¶¶ 5, 8.  The court denied his § 440.20 motion on December 13, 2005, concluding that "as the sentence was plainly lawful, the application to modify the sentence must be denied."  **Id.** at 2.  Walker filed leave to appeal to the New York Appellate Division, which was denied on March 23, 2006. Answer in Opposition to Petition for a Writ of Habeas Corpus ("Ans. in Opp."), at 4, ¶ 10.

### III. DISCUSSION

A.      Threshold Issues

     1.      Timeliness

A petitioner must file an application for a writ of habeas corpus within one year of his conviction becoming final.  **See** 28 U.S.C. § 2244(d)(1).  Generally, this period begins to run "when [the] time to seek direct review in the United States Supreme Court by writ of certiorari expire[s]," that is, ninety days after the final determination by the state court.  **Williams v. Artuz**, 237 F.3d 147, 151 (2d Cir. 2001) (*quoting* **Ross v. Artuz**, 150 F.3d 97, 98 (2d Cir. 1998)).  When no direct appeal is taken in state court within thirty days, under C.P.L. § 450.10(1), the statute of limitations under 28 U.S.C. § 2254 begins to run when that time period expires.  **See Raynor v. Dufrain**, 28 F. Supp. 2d 896, 898 (S.D.N.Y. 1998) (motion for leave to file a late notice of appeal did not extend the statute of limitations); *see also* **Bethea v. Girdich**, 293 F.3d 577, 578-79 (2d Cir. 2002) (motion to extend time to appeal does not "re-start" the statute of limitations).

Under New York law, "a certificate of conviction shows the sentence pronounced by the court, [] constitutes the authority for execution of the sentence and serves as the order of commitment, and no other warrant, order of commitment or authority is necessary to justify or to require execution of the sentence." N.Y. C.P.L § 380.60 (McKinney 2005). In Walker's case, the amended commitment order was dated March 18, 2005. On September 26, 2005, five months, eight days from the date the amended sentence and commitment order was issued, Walker filed a *pro se* § 440.20 motion, a post-conviction collateral attack on his sentence that tolled the statutory period while it was pending in state court. **See Rodriquez v. Portuondo**, 2003 WL 22966293, at *1-2 (S.D.N.Y. Dec. 15, 2003) (pending post-conviction motion tolls the statute of limitations until leave to appeal is denied). On the day the motion was denied, December 13, 2005, until Walker sought leave to appeal to the Appellate Division, tolling continued until leave to appeal was denied on March 23, 2006. Another forty-nine days had elapsed when Walker filed his *pro se* petition for a writ of habeas corpus on May 10, 2006. When the tolling periods are taken into account, the petition is within the one-year limitations period and is, therefore, timely.

  2.     **Exhaustion**

Pursuant to 28 U.S.C. § 2254(b), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the court may not grant a petition for habeas corpus unless the petitioner has exhausted all state judicial remedies. 28 U.S.C. § 2254(b)(1)(A); **Picard v. Connor**, 404 U.S. 270, 275 (1971); **Dorsey v. Kelly**, 112 F.3d 50, 52 (2d Cir. 1997). In order to satisfy substantive exhaustion, a petitioner's claim before the state courts must have been federal or constitutional in nature. Although not an exacting standard, a petitioner must inform the state

courts of "both the factual and the legal premises of the claim [he] asserts in federal court." **Jones v. Vacco**, 126 F.3d 408, 413 (2d Cir. 1997) (*quoting* **Daye v. Attorney Gen.**, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*)).

Here, Walker's claims are substantively exhausted because he raised two constitutional claims in his § 440.20 motion. He challenged the imposition of the five-year post-release supervision period as a violation of his Fourteenth Amendment due process right because he was not informed of it during the plea bargaining or sentencing processes by the court or his attorney, and contended that he was denied effective assistance of counsel during the bargaining and sentencing processes in violation of his Sixth Amendment right because counsel failed to inform him of the mandatory five-year post-release supervision period.

Procedurally, the petitioner must utilize all avenues of appellate review within the state court system before proceeding to federal court. *See* **Bossett v. Walker**, 41 F.3d 825, 828 (2d Cir. 1994). He must raise a federal claim at each level of the state court system, "present[ing] the substance of his federal claims 'to the highest court of the pertinent state.'" **Id.** (*quoting* **Pesina v. Johnson**, 913 F.2d 53, 54 (2d Cir. 1990)).

Walker has also procedurally exhausted his claims by filing a § 440.20 motion in state court and seeking leave to appeal when it was denied. He alleged that his sentence was invalid and sought to modify his sentence on the grounds that neither the court nor his attorney advised him of the mandatory post-release supervision. Amend. Pet., Exh. C. Without addressing whether Walker's counsel provided effective assistance, the court denied this motion on December 13, 2006, stating that, "As the People do not consent to [the modification of Walker's

sentence], and as the sentence was plainly lawful, the application to modify the sentence must be denied." Resp. Supp. Mem., Exh. M, at 2.  Walker filed leave to appeal to the New York Appellate Division, which was denied on March 23, 2006.  Ans. in Opp., at 4, ¶ 10.  Therefore, Walker's claims were procedurally exhausted.

**B.        Merits of the Claims**

    **1.        Standard of Review**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") constrains a federal habeas court's ability to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court.  The Act limits issuance of the writ to circumstances in which the state adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1); *see* **Williams v. Taylor**, 529 U.S. 362, 412 (2000).  A state court decision is contrary to federal law if the state court applies "a conclusion opposite to that reached by [the Supreme] Court on a question of law or if [it] decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." **Williams**, 529 U.S. at 413.  Furthermore, in cases where the state court decision rests on a factual determination, the federal court must find that the "decision . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).

### 2. Fourteenth Amendment Due Process Claim

Walker correctly contends that the five-year post-release supervision term of his sentence, that was not mentioned during plea bargaining or at sentencing, was unconstitutionally imposed by a clerk at DOCS, without notice to him or an opportunity to be heard, in violation of his Fourteenth Amendment right to due process of law.  The inclusion of a five-year PRS provision in a petitioner's sentence, when that PRS provision was not included in the sentence initially imposed at his hearing, violated his rights under the due process clause of the United States Constitution.  **Earley v. Murray**, 462 F.3d 147, 148 (2d Cir. 2006) (relying on **Hill v. Wampler**, 289 U.S. 460, 461-62 (1936), for the proposition that the only valid terms of a defendant's sentence are the terms imposed by the judge).  Respondent, on the other hand, argues that the sentencing court was not required to indicate in its oral pronouncement of the defendant's determinate sentence that the period of post-release supervision was included in order for that portion of the sentence to be valid.  Resp. Supp. Mem., at 21 (*citing* **People v. Lingle**, 34 A.D.3d 287 (1st Dep't 2006)).  For the following reasons, this court rejects the respondent's argument.

In **Lingle**, the Appellate Division reasoned that the PRS was not only statutorily mandated, but also that the sentencing court set forth the PRS provision in the commitment sheet. **Lingle**, 34 A.D.3d at 289.  Comparing **Hill**, the court stated, "[e]ven assuming the existence of a constitutional requirement that every portion of a sentence be 'entered upon the records of the court,' [the entries on the commitment sheet and on another document signed by the court] satisfied such requirement." **Lingle**, 34 A.D.3d at 289 (*citing* **Hill**, 298 U.S. at 464;  *cf.* **Earley**, 451 F.3d at 75-76).  However, Walker's case is factually distinguishable from the defendant's

9

case in **Lingle**.  In **Lingle**, the sentencing court set forth the PRS provision on the sentencing sheet and on another document signed by the court.  In Walker's case, the PRS provision was absent from both the original sentencing sheet and the amended sentencing sheet.  Because Walker's PRS term is not recorded on any relevant portion of the written documents issued or signed by the sentencing court, none of those documents "[p]erforms the ministerial function of setting forth [the PRS provision under C.P.L. § 70.45]."  **Lingle**, 34 A.D.3d at 290.

Walker's case is analogous to the petitioner's case in **Earley**.  In **Earley**, the petitioner received a determinate sentence under New York criminal law.  462 F.3d at 148.  The PRS term was not explicitly ordered by the sentencing judge, but rather was included by DOCS.  **Id.** at 148-49.  The respondent in **Earley** argued that under New York law, every determinate sentence, by definition, automatically includes a period of post-release supervision, and therefore Earley's sentence included a five-year PRS by the operation of law, and the PRS sentence was included as soon as Earley received his determinate sentence, and not as a result of the alteration by DOCS.  **Id.** at 148-49.  The Second Circuit rejected this argument, affirming the Court's holding in **Hill** that a judicially-imposed sentence includes only those elements explicitly ordered by the sentencing judge.  **Id.** at 149.  The court explained that "any additional penalty added to that sentence by another authority is invalid, regardless of its source, origin, or authority until the judge personally amends the sentence."  **Id.**  "[T]he custodial terms of sentences [must] be explicitly imposed by a judge, [and] any practice to the contrary is simply unconstitutional and cannot be upheld."  **Id.** at 150.

As in **Earley**, Walker's determinate sentence was announced in the state sentencing court without any indication of a post-release supervisory period.  *See* **Id.** at 149; *see also* Amend. Pet., Exh. C.  Walker's sentence was explicit only to the extent that he was sentenced to a determinate term of nine years as a predicate felony offender.  Amend. Pet., Exh. C., Tr. at. 11.  Moreover, neither the original nor amended sentence indicated a period of post-release supervision.  **Id.**, at Exh. A, Exh. B.  Because the PRS was never announced by the sentencing judge or included in the sentence and commitment orders, imposing a five-year post-release supervisory period would violate Walker's Fourteenth Amendment due process rights.  Therefore, I recommend that Walker's habeas corpus petition be **GRANTED** on this ground.

### 3. Sixth Amendment Ineffective Assistance of Counsel Claim

Walker contends that his Sixth Amendment right was violated because counsel provided ineffective assistance during the plea bargaining and sentencing proceedings when she failed to inform him of the five-year post-release supervision term.  "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  **Strickland v. Washington**, 466 U.S. 668, 686 (1984).  To establish ineffective assistance of counsel, petitioner must demonstrate that: (1) "counsel's representation fell below an objective standard of reasonableness . . . [measured] under prevailing norms;" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  **Id.** at 688, 694.

Respondent argues that Walker's ineffective assistance of counsel claim fails on **Strickland's** prejudice requirement. Resp. Supp. Mem., at 30-31 (*citing* **Hill v. Lockhart**, 474 U.S. 52, 59 (1985)). To show prejudice in the plea bargain context, Walker must demonstrate "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." **Hill**, 474 U.S. at 59. Respondent further argues that Walker failed to allege that he would not have accepted the plea agreement and insisted on going to trial had he known about the PRS requirement. Resp. Supp. Mem., at 30 (*citing* Exh. J). Walker asserts that, had counsel advised him of the mandatory period of post-release supervision, there is a reasonable probability that the parties would have agreed to a plea bargain that required a shorter period of incarceration, in light of the post-release supervision. Resp. Supp. Mem., at 18. However, the record does not support Walker's position.

Respondent asserts that "there is no other sentence [other than the sentence to which Walker agreed] that the People feel could be imposed to simulate defendants' and the People's expectations of the original plea." Amend. Pet., Exh. G, at ¶ 9; Resp. Supp. Mem., at 32 (referring to the prosecution's affirmation "that a prison sentence of less than [nine] years would not comport with the People's expectations"). Since Walker's challenge is limited to his sentence, and respondent asserts that the sentence offered in the plea bargain was not negotiable, it seems unlikely that a different sentence would have resulted even if Walker's attorney had informed him of the PRS term. As such, Walker's allegation of prejudice cannot be sustained on these facts and Walker's ineffective assistance of counsel claim fails on the prejudice prong of **Strickland**. Therefore, I recommend that his petition be **DENIED** on the ineffective assistance of counsel ground.

## IV. CONCLUSION

For the foregoing reasons, I recommend that Walker's petition for a writ of habeas corpus be **GRANTED** on Fourteenth Amendment due process ground, and **DENIED** on Sixth Amendment ineffective assistance of counsel ground. Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have ten (10) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable P. Kevin Castel, 500 Pearl Street, Room 2260, and to the chambers of the undersigned, 500 Pearl Street, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See* **Thomas v. Arn**, 474 U.S. 140, 150 (1985); **Small v. Secretary of Health and Human Services**, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(e).

**DATED: August 31, 2007**
**New York, New York**

**Respectfully Submitted,**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

13

Copies of this Report and Recommendation were sent to:

<u>Counsel for Petitioner</u>
Risa Gerson
Office of The Appellate Defender
11 Park Place, Suite 1601
New York, NY 10007

<u>Counsel for Respondent</u>
David M. Cohn
New York County District Attorney's Office
1 Hogan Place
New York, NY 10280