UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
CHARLES WALKER,

                        Petitioner,                    06 Civ. 4570 (PKC)(RLE)

       -against-

                                     MEMORANDUM AND ORDER
                                     ADOPTING REPORT AND
                                     RECOMMENDATION

KENNETH S. PERLMAN,
Superintendent,
                        Respondent.
-------------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

         In a Report and Recommendation dated August 31, 2007 (the "R & R")

(Doc. #21), Magistrate Judge Ronald L. Ellis recommended the grant of so much of an

amended petition for a writ of habeas corpus as seeks to have a five-year term of post-

release supervision ("PRS") removed from petitioner's sentence and the denial of the

remainder of the amended petition. Respondent Kenneth S. Perlman, Superintendent of

Mid-State Correctional Facility, has filed timely objections. (Doc. # 20) No objections

were filed by petitioner. For the reasons that follow, the Court overrules respondent's

objections and adopts the R & R in its entirety.

        I.      Background Summary

         Petitioner Charles Walker filed the amended petition on November 6,

2006 (the "Amended Petition") (Doc. # 8), alleging that a five-year term of post-release

supervision ("PRS") was imposed on him administratively by the New York Department of

Correctional Services ("DOCS") rather than by the sentencing court and, as a result, he was

denied an opportunity to be heard in violation of his Fifth and Fourteenth Amendment

rights. The Amended Petition also alleges Walker was denied the effective assistance of counsel in violation of his Sixth Amendment rights.

Walker, a predicate felony offender, pled guilty to three counts of robbery in the third degree and, on October 24, 2000, he received a determinate sentence of nine years and waived his right to appeal pursuant to the terms of a plea bargain. (Appendix, Exhibit E.) There was no mention of PRS during the sentencing proceeding despite New York law requiring that PRS be added to every determinate sentence. (Id., Exh. D at 6, 9-11.) The sentence and commitment order issued by the sentencing court reflected Walker's nine-year determinate sentence, but did not indicate that he was subject to any PRS or that he was a predicate felony offender. (Id., Exh. E) At no time was Walker told by the trial court, the government or his attorney, that he would receive a term of PRS in addition to his nine-year determinate sentence. (Amended Petition, Exh. I at 2.) After Walker began serving his sentence at the Mid-State Correctional Facility, he received a sentence computation sheet from the DOCS indicating that his sentence included five years PRS in addition to the nine-year determinate sentence he received on October 24, 2000. (Amended Petition, Exh. C.)

On March 18, 2005, the trial court amended Walker's sentence and commitment order to indicate that he was sentenced "as a second felony offender." (Appendix, Exh. E.) The amended order included no reference to PRS. (Id.)

On September 26, 2005, Walker challenged his sentence collaterally by filing a pro se motion pursuant to section 440.20 of New York's Criminal Procedure Law. Walker argued, inter alia, that the addition of PRS to his sentence by DOCS denied him of due process and that he was denied the effective assistance of counsel by virtue of his

lawyer failing to inform him that his sentence would include PRS. (Id.) The motion was denied on December 13, 2005 and leave to appeal was denied by the Appellate Division, First Department on March 23, 2006.[1] (Amended Petition, Exh. C)

On May 16, 2006, the Court's Pro Se Office received Walker's petition for a writ of habeas corpus.[2] (Doc # 1) On June 14, 2006, then Chief Judge Mukasey ordered Walker to show cause why the petition should not be dismissed as time barred. (Doc. # 3) Walker complied, filed an affirmation on June 30, 2006, and then contacted the Office of the Appellate Defender and requested that they provide counsel to represent him in connection with his habeas petition. (Doc. # 4) Counsel from the Office of Appellate Defender agreed to represent Walker and entered a notice of appearance on August 28, 2006. With the Court's permission (Doc. # 6), the Amended Petition for a writ of habeas corpus was filed on Walker's behalf on November 6, 2006. (Doc. # 8.)

On March 29, 2007, I referred the Amended Petition to Magistrate Judge Ellis for a Report and Recommendation. The R & R was filed on September 4, 2007 to which respondent timely filed objections on September 9, 2007. (Doc. # 20) Walker did not file a response to respondent's objections nor did he file any objections of his own. To the full extent of respondent's objections, I have conducted a de novo review of the underlying record, including the state court transcripts. See 28 U.S.C. § 636(b); Rule 72,

---

[1]    Walker also challenged his sentence pursuant to section 440.10 of New York's Criminal Procedure Law, alleging a Fourteenth Amendment due process violation because his guilty plea was not knowing, intelligent and voluntary. In addition, he commenced an Article 78 proceeding challenging the calculation of his sentence (Amended Petition, Exh. D.), and filed a grievance with DOCS, stating that the five years of PRS was illegally added to his determinate sentence.

[2]    Walker signed the petition on May 10, 2006 (Petition at 7). A pro se habeas petition is deemed filed on the date an inmate delivers it to prison officials for mailing. Noble v. Kelly, 246 F.3d 93, 97-98 (2d Cir. 2001) (holding prison mailbox rule properly extended to petitions for writs of habeas corpus). Although the Amended Petition states that Walker's initial petition was "filed" on May 10, 2006, nothing in the record specifically indicates that the petition was delivered to prison officials on the same day it was signed. The difference in dates is not material to the statute of limitations analysis.

Fed. R. Civ. P. Having done so, I adopt Judge Ellis's R & R and briefly address respondent's objections.

II.  Timeliness

A one-year statute of limitation applies to a petition for a writ of habeas corpus filed "by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The relevant period of limitation begins to "run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). As Judge Ellis correctly observed, Walker's amended sentence and commitment order is dated March 18, 2005 and that is the starting point for a finality analysis. (Appendix, Exh. E.)

No direct review of the amended sentence and commitment order was taken and, thus, it became final for section 2244(d)(1)(A) purposes on April 18, 2005. See N.Y. Crim Proc. Law § 460.10(1)(a) (appeal must be filed within thirty days of sentence). Although Walker's petition was filed between May 10, 2006 and May 16, 2006 approximately thirteen months after the time for appealing the amended sentence had expired his post-conviction section 440.20 motion and subsequent motion for leave to appeal tolled the limitations period for more than five months. See 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection."). Tolling occurred between September 26, 2005, the day the motion was filed, and March 23, 2006, the day the Appellate Division denied Walker leave to appeal.

Respondent argues that because Walker was sentenced on October 24, 2000, the one-year period of limitation began to run on November 23, 2000, the date on which his time to file a notice of appeal expired. Respondent contends that the date of the amended sentence and commitment cannot be used as the start of the limitations period because Walker is challenging the original judgment against him, not the amended sentence and commitment order. Respondent's argument fails.

Judge Ellis's conclusion that the expiration of Walker's time to appeal the amended sentence and commitment order is the relevant event from which the limitations period should be measured is supported by the decision in Burton v. Stewart, __ U.S. __, 127 S. Ct. 793 (2007) (per curiam), which, inter alia, interpreted the statutory language setting forth the one-year period of limitations for habeas petitions. See 28 U.S.C § 2244(d)(1).

The petitioner in Burton had been tried, sentenced and incarcerated in 1994. Id. at 794. While incarcerated, he was resentenced by the trial court in 1996 after an unrelated prior conviction was overturned. Id. at 795. On direct appeal of his 1996 resentencing, the Washington Court of Appeals upheld his conviction, but remanded the case to the trial court for resentencing because the 1996 amended sentence decreased the petitioner's early release credits, which raised vindictiveness concerns. Id. at 794-95. The trial court entered a second amended sentence in March 1998. In December 1998, the Burton petitioner petitioned the District Court for a writ of habeas corpus challenging only his convictions without pressing any claims regarding his sentencing. Id. at 795. The 1998 petition was denied by the District Court and the Ninth Circuit affirmed. Id. at 798. In 2002, the Burton petitioner filed another habeas petition which both the District

Court and the Ninth Circuit rejected on the merits. <u>Id.</u> at 796. Neither court considered the state's argument that the District Court lacked jurisdiction to consider the 2002 petition because the petitioner had failed to seek permission from the Court of Appeals to file a "second or successive" petition as required by 28 U.S.C. § 2244(b)(3). <u>Id.</u>

Upon review, the Supreme Court held that the 2002 petition was a successive petition which the district court lacked jurisdiction to consider because it was filed without the statutorily-required permission. <u>Id.</u> In rejecting the petitioner's argument that, had he not filed the 1998 petition when he did, he risked being barred from challenging his conviction under the federal habeas statutes because of the one-year statute of limitation, the Court concluded that a habeas petitioner's "limitations period d[oes] not begin until both his conviction <u>and</u> sentence 'bec[o]me final . . .'" <u>Id.</u> at 798. (emphasis in original). The <u>Burton</u> Court emphasized that "[f]inal judgment in a criminal case means sentence. The sentence is the judgment." <u>Id.</u> at 798 (internal quotation marks omitted) (quoting <u>Berman v. United States</u>, 302 U.S. 211, 212 (1937)). Thus, the habeas limitations clock in <u>Burton</u> did not begin to run until his second amended sentence became final "which occurred well after Burton filed his 1998 petition." <u>Id.</u> at 799.

In <u>Ferreira v. Sec'y, Dep't of Corrections</u>, 494 F.3d 1286, 1292-93 (11th Cir. 2007), the Eleventh Circuit overruled <u>Rainey v. Sec'y for the Dep't of Corr.</u>, 443 F.3d 1323 (11th Cir.2006), a case upon which respondent relies, after it was vacated and remanded by the Supreme Court in light of <u>Burton</u>. <u>See</u> <u>Firreira v. McDonough</u>, __ U.S. __, 127 S. Ct. 1256 (2007). On remand, the Eleventh Circuit held that a habeas petition filed more than five years after a state prisoner was convicted of a crime, but less than two months after a corrected sentence imposed on resentencing became final, was timely

filed even though his habeas petition challenged only his underlying conviction and not the corrected sentence. The "judgment" that triggered the one-year statute of limitations became final when the corrected sentence pursuant to which prisoner was in custody became final, thereby making both his conviction and sentence final. Firreira, 494 F.3d at 1292-93.

Here, the judgment became final for purposes of 28 U.S.C. § 2244(d)(1) on April 18, 2005, the date on which the time to appeal from the state court's March 18, 2005 amended sentence expired. Measured from that date and allowing for tolling through the date that leave to appeal was denied on the section 440.20 motion, the Amended Petition was timely filed.

III.    Exhaustion

A district court may not grant a habeas petition unless it appears that the petitioner has exhausted all state judicial remedies. 28 U.S.C. § 2254(b)(1)(A). A petitioner "must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The exhaustion requirement is "grounded in the principles of comity; in a federal system the States should have the first opportunity to address and correct alleged violations of [a] state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991). "The exhaustion requirement is not satisfied unless the federal claim has been fairly presented to the state courts." Daye v. Attorney Gen. of N.Y., 696 F.2d 186, 191 (2d Cir. 1982) (quoting Wilwording v. Swenson, 404 U.S. 249 (1971)). To have fairly presented his federal claim to the state courts, a petitioner must have informed the state court of both the factual and the legal premises of the claim he asserts in the federal court.

Id. "The constitutional contention made in the federal proceeding need not be identical with the one advanced to the state court, but it must be its 'substantial equivalent.'" Fielding v. LeFevre, 548 F.2d 1102, 1107 (2d Cir. 1977) (citing Picard v. Connor, 404 U.S. 270, 275 (1971)).

Here, Judge Ellis correctly concluded that Walker's claims were substantively exhausted because, in his September 26, 2005 section 440.20 motion, he challenged the addition of PRS to his nine-year determinate sentence as a violation of his due process rights under the Fourteenth Amendment and raised his Sixth Amendment ineffective assistance of counsel claim.

Respondent objects to Judge Ellis's conclusion that Walker's claims were substantively exhausted because Walker never specifically raised in state court his right to be present when the PRS was added to his sentence. However, in Walker's pro se section 440.20 motion, he raised the fact that the PRS was added by DOCS in the absence of any notification to him and that he was denied "the opportunity to be heard on this matter." (Amended Petition, Exh. C, Walker Aff't ¶ 9.) See Holland v. Scully, 797 F.2d 57, 64 (2d Cir. 2000) (holding habeas petitioner's claims may be considered exhausted when they have been "fairly–though not explicitly–presented to a state court.") (citing Daye, 696 F.2d at 191)). Petitioner's motion was more than adequate to raise the issue and respondent's argument fails.

Judge Ellis also correctly concluded that Walker procedurally exhausted his claims in state court by filing the section 440.20 motion and seeking leave to appeal from the Appellate Division, First Department when the section 440.20 motion was denied by the trial court. The denial of leave to appeal in the Appellate Division was the

final blow to Walker's section 440.20 motion because New York law does not provide for review by the Court of Appeals of an Appellate Division's refusal to grant leave to appeal. See People v Matthews, 72 N.Y.2d 933, (1988); People v Brock, 332 N.Y.S. 2d 110, 110 (1st Dep't 1972).

IV.    Fourteenth Amendment Due Process

A district court's ability to grant a state prisoner's habeas petition is limited to circumstances where a state judgment "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Judge Ellis correctly concluded that Walker's case is analogous to Early v. Murray, 451 F.3d 71 (2d Cir. 2006) where the Second Circuit held that the terms of a petitioner's sentence not imposed by the judge are invalid and contrary to clearly established federal law as determined by the Supreme Court in Hill v. Wampler, 298 U.S. 460, 461-62 (1936).

In Wampler, the Supreme Court held that the sentence imposed by the judge controls and that a sentence may not be enhanced by the amendment of an administrator. Id. at 464 ("The only sentence known to the law is the sentence or judgment entered upon the records of the court . . . . Until corrected in a direct proceeding, it says what it was meant to say, and this by an irrebuttable presumption.") (Cardozo, J.) (citation omitted). In Early, the Second Circuit viewed Wampler as providing "clearly established Supreme Court precedent . . . [that] [t]he only cognizable sentence is the one imposed by the judge. Any alteration to that sentence, unless made by a judge in a subsequent proceeding, is of no effect." Early, 451 F.3d at 75 (citations and internal quotation marks omitted). The court reached this conclusion despite the fact that

Wampler did not explicitly cite to the Constitution as the basis for its holding.  Id. at 76 n.1 ("Although Wampler does not identify the source of the rule that it announces, we believe that it is based on the due process guarantees of the United States Constitution.").

Like Walker, the petitioner in Early, received a determinate sentence after entering into plea bargain.  Id. at 73.  No term of PRS was included in the sentence announced by the court or in the sentence and commitment order.  Id.  In addition, the petitioner in Early was allegedly never informed that his sentence was subject to mandatory PRS or that it would be added to his sentence by DOCS.  Id.  He, like Walker, unsuccessfully challenged DOCS's addition of PRS to his sentence by filing a section 440.20 motion.  Id.  The Early petitioner then sought relief under the federal habeas statutes, relief which was initially denied by the district court as untimely.  Id.  On appeal, the Second Circuit vacated the district court's judgment and remanded the case to the district court to determine the timeliness of the petition's filing.  Id. at 76-77.  If the petition were determined to be timely, the district court would "issue a writ of habeas corpus excising the term of the post-release supervision from Earley's sentence and reliev[e] him of any subsequent penalty or other consequence of its imposition."  Id.

On rehearing, the Second Circuit adhered to its "view that the inclusion of a five-year period of PRS in Earley's sentence when that PRS was not included in the sentence imposed at Earley's sentencing hearing violated his rights under the Due Process Clause of the United States Constitution."  Early v. Murray, 462 F.3d 147, 148 (2d Cir. 2006).  The Court adhered to its ruling despite its acknowledgment that its decision "may call into question the validity of the PRS components of numerous sentences."  Id. at 150.

Respondent contends that <u>Early</u> was wrongly decided and invites the Court to reject the Second Circuit's holding as an unjustified intrusion by the federal courts into a state court's criminal conviction. The Court declines the invitation and adopts Judge Ellis's conclusion that Walker's five-year PRS was unconstitutionally imposed by DOCS, without notice to him or an opportunity to be heard in violation of the Fourteenth Amendment. Including PRS in Walker's sentence when it was not imposed by a judge violated his rights under the Due Process clause of the United States Constitution.

V.      <u>Sixth Amendment Ineffective Assistance of Counsel</u>

Judge Ellis recommends that since Walker's Sixth Amendment challenge is limited to his sentence, and nothing in the record indicates that he would have received a different sentence had he been informed of the mandatory PRS, he cannot meet the prejudice requirement set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 686 (1984) (habeas petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."). There are no objections to this portion of the R & R. Judge Ellis's conclusion is well-reasoned and grounded in the correct principles of law and there is no reason, in the interests of justice, to grant further review of that conclusion. I adopt it.

VI.     <u>Conclusion</u>

Having reviewed the Amended Petition, all submissions in support and opposition, the state court transcripts and respondent's objections to Judge Ellis's R & R, I adopt the R & R in its entirety. Petitioner having not made a substantial showing of the denial of a constitutional right on any ground not included within the partial grant of the writ, a certificate of appealability will not issue. 28 U.S.C. § 2253; <u>see</u> <u>Lozada v. United</u>

writ, a certificate of appealability will not issue. 28 U.S.C. § 2253; see Lozada v. United States, 107 F.3d 1011, 1016-17 (2d Cir.1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir.1997). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962). The Amended Petition is GRANTED in part and DENIED in part. The Clerk is directed to enter judgment in favor of petitioner to the extent that a writ of habeas corpus shall issue, unless within ninety (90) days of the Judgment, the records of DOCS are amended to remove any period of post-release supervision for petitioner and otherwise denying the petition.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
April 7, 2008